IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, individually and on behalf of other similarly situated employees and former employees of Defendant, Plaintiff, vs. ABANDONMENT CONSULTING SERVICES, L.L.C. Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. _____ JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Richard Barnes ("Barnes" or "Plaintiff"), filing this his *Complaint* complaining of Abandonment Consulting Services, LLC ("ACS" or "Defendant"), and for cause of action would respectfully show the following:

### I. PARTIES

1.1. Plaintiff, *Richard Barnes*, is an individual residing in Kalkaska, Michigan, who files this lawsuit on his behalf and on behalf of other similarly situated current and former employees and workers of ACS who may subsequently opt-in this lawsuit.

1.2. Defendant, *Abandonment Consulting Services, L.L.C.* ("ACS" or "Defendant"), is a Texas limited liability company with its principal place of business in Houston, Harris County, Texas. ACS may be served with process through its registered agent, Carroll Price, at 1812 Nantucket Drive, Houston, Texas, 77057.

## II. COLLECTIVE ACTION

2.1.   Barnes files this complaint on his own behalf and on behalf of other similarly situated employees/workers and former employees/workers of ACS pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Barnes files this complaint on his behalf and on behalf of other employees/workers and former employees/workers of ACS who were paid a day rate ("the Class") at any time from May 3, 2009, to the present ("the Relevant Time Period").

## III. VENUE

3.1.   Venue of this action is proper in this district and division because ACS has its principal place of business in this district.

## IV. JURISDICTION

4.1.   This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331 and diversity jurisdiction as set forth in 28 U.S.C. § 1332. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1.   ACS was an "employer" of Barnes during the Relevant Time Period within the meaning of 29 U.S.C. § 203(d).

5.2.   ACS was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r), during the Relevant Time Period.

5.3.   ACS is a supplier of personnel to the oil and gas industry.

5.4.   On approximately July 1, 2011, Barnes was hired by ACS to work offshore on an oil rig.

5.5. Barnes was an employee of ACS for the purposes of the FLSA. ACS paid Barnes.

5.6. During the Relevant Time Period, ACS was an enterprise engaged in commerce or in the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.7. Barnes's job duties were those of a non-exempt employee under the FLSA and/or Barnes was not compensated on a salary basis while employed by ACS during the Relevant Time Period.

5.8. During the Relevant Time Period, it was ACS's policy and/or practice to not pay such employees/workers one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek but instead to pay them a day rate.

5.9. During the Relevant Time Period, it was ACS's policy and/or practice to pay employees/workers on a day rate.

5.10. The day rate paid Barnes not satisfy the salary basis test required by the FLSA.

5.11. Barnes regularly worked more than forty hours per week while working for ACS.

5.12. Barnes was not paid one and one-half times his regular hourly rate for every hour he worked in excess of forty in a workweek.

5.13. ACS owes Barnes unpaid wages for unpaid overtime under the FLSA for work he performed during the Relevant Time Period.

## VI. VIOLATION OF THE FLSA

6.1. Barnes incorporates the factual allegations recited above and would show that ACS is liable to him for overtime compensation under the FLSA.

6.2. ACS had a statutory obligation to pay Barnes at a rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty in a given workweek. Barnes worked for ACS in excess of forty hours a week during the Relevant Time Period. ACS never paid Barnes for overtime at the rate of one and one-half times his regular rate of pay for his overtime hours.

6.3. At all relevant times, Barnes performed primarily non-exempt employment duties and/or was not compensated on a salary basis to the extent necessary to be classified as an exempt employee under the FLSA.

6.4. Barnes seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA.

6.5. ACS's violations of the FLSA were willful. ACS knew or showed reckless disregard for whether its conduct was illegal. There is no reasonable basis for ACS to believe Barnes was exempt under the FLSA or that ACS's practices were permitted by the FLSA. ACS did not act in good faith in failing to pay Barnes in accordance with the requirements of the FLSA.

## VII. ATTORNEY'S FEES

7.1. ACS's refusal to abide by its statutory obligations to Barnes has made it necessary for Barnes to employ the undersigned attorney to file this lawsuit. As such, Barnes requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorney's services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs. Should members of the Class join this lawsuit and retain the undersigned, such fees, expenses and court costs are sought for work performed on their behalf as well.

## VIII. SECTION 216(b) COLLECTIVE ACTION

8.1.    Barnes incorporates the factual allegations recited above. Barnes files this complaint on his own behalf and on behalf of the Class during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were not paid time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

8.2.    It was ACS's policy and/or practice to pay Barnes and the other putative plaintiffs a day rate. Barnes and the other putative plaintiffs were not paid a salary. A day rate does not satisfy the salary basis test for exemptions under the FLSA. There are other similarly situated employees/workers and former employees/workers of ACS who were paid a day rate and who are owed overtime wages under the FSLA for work they performed during their employment with ACS.

8.3.    ACS's violations of the FLSA were willful. ACS knew or showed reckless disregard for whether its conduct was illegal. There is no reasonable basis for ACS to believe Barnes and the other putative plaintiffs were exempt under the FLSA or that ACS's practices were permitted by the FLSA. ACS did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.4.    Therefore, the putative plaintiffs are owed wages, overtime, liquidated damages and attorney's fees, for the same reasons as Barnes. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Plaintiff requests such notice be issued.

## IX. JURY DEMAND

9.1.    Barnes demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, Plaintiff, Richard Barnes, prays that ACS be summoned to appear, that notice be issued to other non-exempt employees and former employees of ACS paid a day rate, and that on final trial of this matter, Barnes be granted relief as follows:

(a) Judgment declaring that the acts and practices of ACS described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of ACS described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing ACS to pay Barnes and other plaintiffs who may opt-in this litigation for actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorney's fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Barnes and such other plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.


/S/ G. SCOTT FIDDLER

_____
G. SCOTT FIDDLER
SBOT #06957750
FID #12508
ANDREW W. REED
SBOT #24074935
FID #1140192
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel.:    281-897-0070
Fax:    281-897-0078
scott@fiddlerlaw.com
areed@fiddlerlaw.com

ATTORNEYS-IN-CHARGE
FOR PLAINTIFF